[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE APPLICATION FOR TEMPORARY INJUNCTION NO. 107
Before the court is the plaintiffs', Barbara and David Williams,[1]
motion to reargue their application for temporary injunction. The plaintiffs in this case applied for membership with the defendant, Black Rock Yacht Club, Inc., in the Spring of 2000.[2] After two years as probationary members, the plaintiffs were notified that full membership had not been approved by the board of directors. (Application for temporary injunction, Exhibits 1 and 3.) On February 14, 2002, the plaintiffs filed an application for an ex parte restraining order, temporary injunction and order to show cause, seeking reinstatement in the club. The court, Sheedy, J., granted the ex parte restraining order on February 19, 2002. The motion for a temporary injunction was heard on March 11, 2002, by the court, Gallagher, J., and was denied. The plaintiffs filed a motion to reargue on March 25, 2002. The court heard reargument on April 8, 2002.
The plaintiffs contend that, in denying the plaintiffs the relief sought, the court failed to consider the claim that the defendant's by-laws violate Connecticut General Statutes § 33-1056 (a). Additionally, they argue that the court failed to consider their argument that Sterner v. Saugatuck Harbor Yacht Club, 188 Conn. 531, 450 A.2d 369
(1982), is controlling in the present case.
"A party seeking injunctive relief has the burden of alleging and CT Page 9208 proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court." Tighe v. Berlin, 259 Conn. 83, 87, 788 A.2d 40 (2002). "Our Supreme Court has impliedly acknowledged that the requirements for a temporary injunction are (1) the plaintiff had no adequate legal remedy; (2) the plaintiff would suffer irreparable injury absent an injunction; (3) the plaintiff was likely to prevail on the merits; and (4) the balance of the equities favored an injunction. See Waterbury TeachersAssn. v. Freedom of Information Commission, 230 Conn. 441, 446,645 A.2d 978 (1994)." Avery Dennison Corp. v. Finkle, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 01 0757706 (February 1, 2002, Moran, J.) "The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Tighe v. Berlin, supra., 259 Conn. 87-88. "In exercising its discretion, the court . . . may consider and balance the injury complained of with that which will result from interference by injunction." Id., 88.
General Statutes § 33-1056 (a) controls the rules for membership in a non-stock corporation, stating in pertinent part, "[m]embership shall be governed by such rules of admission, retention, withdrawal and expulsion as the bylaws shall prescribe, provided all such bylaws shall be reasonable, germane to the purposes of the corporation, and equally enforced as to all members." The definition of "member" is "a person having membership rights in a corporation in accordance with the provisions of its certificate of incorporation or bylaws." General Statutes § 33-1002 (19).
The by-laws of the defendant[3] set out the requirements for membership, beginning with article VI, section 1, entitled "Qualifications and Classifications of Membership." "Membership requirements will be selective and only those persons who are economically solvent, possess good character and integrity and will be socially compatible with the existing members of the Club will be accepted." (Article VI, section 1.) Each applicant for admission must fill out the application, and submit three letters of recommendation from current members. (Article VI, section 7, ¶ 1.) Applicants are then voted on by the board of governors, and are then elected to probationary membership. (Article VI, section 7, ¶ 3.) "During the probationary period, the Probationary Member shall be entitled to all Club privileges, but shall not have the right to vote or hold office. . . . At the last meeting of the Board of Governors prior to the Annual Meeting, the Probationary Members may be elected into regular Membership. . . ." CT Page 9209 (Emphasis added.) (Article VI, section 8, ¶ 2-3.)
These by-laws appear to be "reasonable and germane to the purposes of the corporation". However, whether they are "equally enforced" is not clear. The court requires evidence on this issue. Therefore, the parties are ordered to appear on Monday, August 12, 2002, at 2:00 p.m., for a hearing on the matter.
GALLAGHER, J.